[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11541

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENNIE L. GILES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:06-cr-00442-LC-EMT-1

_____

Before: WILLIAM PRYOR, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Bennie Giles, a federal prisoner, appeals *pro se* the denial of his motion for a further reduction of his sentence based on the amendment to section 924(c) in the First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22. *See* 18 U.S.C. § 3582(c). The United States moves for summary affirmance and to stay the briefing schedule. We grant the motion for summary affirmance and deny as moot the motion to stay the briefing schedule.

In 2006, Giles pleaded guilty to three counts of carjacking, 18 U.S.C. §§ 2, 2119, two counts of Hobbs Act robbery, *id.* §§ 2, 1951, and five counts of using and carrying a firearm during and in relation to his crimes of violence, *id.* §§ 2, 924(c)(1)(A)(ii). He faced statutory mandatory sentencing ranges of ten years to life imprisonment for one firearm offense, *id.* § 924(c)(1)(A)(iii), and of 25 years to life imprisonment for his four additional firearm offenses, with each sentence running consecutively to each other and to his other sentences, *id.* § 924(c)(1)(A)(ii), (c)(1)(C)(i), (c)(1)(D)(ii); *see United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019). As a career offender, Giles had an advisory guideline range of 1,471 to 1,508 months of imprisonment. *See* U.S.S.G. § 4B1.1(c).

The district court sentenced Giles to 720 months of imprisonment. The district court imposed concurrent sentences of 60

months for each of Giles's carjacking and Hobbs Act robbery crimes. Based on Giles's substantial assistance to the government, the district court departed downward by half from the low end of his statutory mandatory minimum sentences for his firearm offenses. *See* Fed. R. Crim. P. 35(b)(1). The district court imposed a sentence of 60 months for the first of Giles's firearm offenses and a sentence of 150 months of imprisonment for each of his four additional firearm offenses, and ordered that the sentences run consecutively to each other and to his other sentences.

In 2020, Giles moved for compassionate release and for a sentence reduction based on the amendment to section 924(c) in section 403(a), 132 Stat. at 5221–22. *See* 18 U.S.C. § 3582(c). He argued that the amendment, which eliminated a mandatory consecutive sentence for "second or subsequent [firearm] conviction[s]" in a single prosecution, 132 Stat. at 5221–22, and that his rehabilitation in prison warranted a reduction of his sentence and his immediate release. The United States opposed Giles's motions on the grounds that the amendment did not apply retroactively, *id.* § 403(b), 132 Stat. at 5222, or constitute an extraordinary and compelling reason to reduce his sentence under the policy statements in section 1B1.13 of the Sentencing Guidelines.

The district court reduced Giles's sentence by 180 months based on the compassionate relief statute and denied further relief. The district court denied Giles relief under the First Step Act because the amendment did not apply retroactively. Nevertheless, the district court decided that the amendment constituted an

extraordinary and compelling reason to grant Giles relief under the "catch-all" provision of section 1B1.13.

Summary affirmance is appropriate because Giles's "appeal is frivolous." *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The district court could not further reduce Giles's sentence because it lacked authority to reduce his sentence at all. The amendment to section 924(c) applies only "if a sentence for the offense has not been imposed as of such date of enactment." 132 Stat. at 5222. That amendment was inapplicable to Giles because he was sentenced more than a decade before its enactment. *See United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015) (stating a district court may modify a defendant's sentence "only when authorized by a statute or rule"). And while Giles's appeal was pending, we held in *United States v. Bryant*, 996 F.3d 1243, 1247–48 (11th Cir. 2021), that the policy statement in section 1B1.13 governs a motion for compassionate release and that a district court cannot "develop 'other reasons' that might justify a reduction in a defendant's sentence." So, the district court erred by reducing Giles's sentence. *See id.* at 1262. But we do not disturb Giles's sentence because the United States admits it "did not appeal the district court's order and cannot challenge it here."

Because the position of the United States is clearly right regarding the outcome of this appeal, we **GRANT** its motion to summarily affirm and **DENY AS MOOT** the accompanying motion to stay the briefing schedule.